IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA INEZ BRUNO                                                    PLAINTIFF

vs.                          Civil No. 2:13-cv-02010

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jessica Inez Bruno ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 10.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1.      **Background:**

Plaintiff filed her disability applications on July 21, 2010.  (Tr. 9, 103, 107).  In her

applications, Plaintiff alleges being disabled due to ADHD, clinical depression, and "inter-explosive

disorder."  (Tr. 140).  Plaintiff alleges an onset date of January 1, 2009.  (Tr. 9, 103, 107).  These

applications were denied initially and again upon reconsideration.  (Tr. 46-49).  Thereafter, on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

September 21, 2010, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 65-78).

Plaintiff's administrative hearing was held on June 16, 2011 in Fort Smith, Arkansas.  (Tr. 23-45).  Plaintiff was present at this hearing and was represented by David Harp.  *Id.*  Plaintiff and Vocational Expert ("VE") Sara Moore testified at this hearing.  *Id.*  As of the date of this hearing, Plaintiff was twenty-three years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI).  (Tr. 27).  As for her level of education, Plaintiff testified she had completed the tenth grade in school.  *Id.*

On October 26, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 6-18).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2009.  (Tr. 11, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2009, her alleged onset date.  (Tr. 11, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: learning disorder, dysthymia, anxiety disorder, intermittent-explosive disorder, and personality disorder.  (Tr. 11-12, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr.12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 13-16, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all

exertional levels but with the following non-exertional limitations: The claimant is able to perform work where interpersonal contact is incidental to work performed, the complexity of tasks is learned and performed by rote, there are few variables, little judgment is required, the supervision required is simple, direct, and concrete, and there is no contact with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 16, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Considering that testimony, the ALJ determined Plaintiff retained the capacity to perform the following representative occupations: (1) assembler with 108,500 such jobs in the United States and 950 such jobs in Arkansas; (2) poultry worker with 11,400 such jobs in the United States and 600 such jobs in Arkansas; and (3) machine tender with 85,900 such jobs in the United States and 1,300 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform these jobs, the ALJ determined Plaintiff had not bee under a disability, as defined by the Act, from her alleged onset date of January 1, 2009 through the ALJ's decision date of October 26, 2011. (Tr. 17, Finding 11).

Thereafter, on November 9, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). On December 19, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On January 14, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 6, 2013. ECF No.10. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff claims the following: (1) the ALJ's RFC determination is inconsistent with the evidence; and (2) the ALJ incorrectly determined she could perform the jobs identified at Step Five of the Analysis. ECF No. 12 at 1-11. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address her first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*.  (Tr. 9-18). In his opinion, the ALJ did not state the *Polaski* factors.  (Tr. 14).  Instead, he stated he had complied

---

the Eighth Circuit has not yet required the analysis of these additional factors.   *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

with "20 CFR 404.1529 and 416.929."[3]  *Id.*  Then, the ALJ provided several reasons for discounting

Plaintiff's subjective complaints, and the Court finds none of these reasons are valid.

First, the ALJ discounted Plaintiff's subjective complaints because he found she was

motivated by a desire to receive money.  (Tr. 16).  (finding her motivated by "secondary gain"

resulting from her "divorce and recent break-up with her fiancé").  It could, however, be said of any

social security claimant that the claimant is motivated by money or a desire to seek an award of

benefits; otherwise, that person would not be applying for disability.  Thus, this reason is not valid.

Second, the ALJ found Plaintiff's "allegations related to cessation of drug and alcohol use

are not entirely convincing."  (Tr. 16).  The ALJ noted no support for this conclusion.  *Id.*  Thus, this

is also not a valid reason for discounting Plaintiff's subjective complaints.

Third, the ALJ discounted Plaintiff's subjective complaints based upon the fact Plaintiff was

"not pursuing any treatment for her alleged psychologically based symptoms and is not taking any

medications."  (Tr. 16).  The Eighth Circuit has, however, recognized that a claimant's failure to seek

treatment for a mental impairment does not provide a basis for discounting that claimant's subjective

claims of disability due to a mental impairment.  *See Conklin v. Astrue,* 360 F. App'x 704, at *1 (8th

Cir. 2010) (holding "this court has recognized that a mentally ill claimant's noncompliance with

treatment can be, and ordinarily is, the result of her mental impairment, and thus is not willful or

without a justifiable excuse" (citing *Pates-Fires v. Astrue,* 564 F.3d 935, 945-47 (8th Cir. 2009))).

Thus, this is also not a valid reason for discounting Plaintiff's subjective complaints.

Accordingly, since the ALJ provided no valid reason for discounting Plaintiff's subjective

complaints of disability due to a mental impairment, this case must be reversed and remanded for

---

[3] While this alone is not fatal to the ALJ's analysis, stating the *Polaski* factors is the "preferred practice."
*See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4]  A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 16th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.